[Crim. No. 33027. Second Dist., Div. Five. Feb. 22, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL FLANDERS, Defendant and Appellant.

## COUNSEL

Michael J. Udovic, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—By jury trial appellant was convicted of robbery with infliction of great bodily injury (Pen. Code, §§ 211, 12022.7) and of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)). He was sentenced to state prison and appeals, contending that the trial court erred in giving certain instructions on accomplice testimony. We find no merit to this contention and affirm the judgment.

The victim, Mr. Maldonado, was on his way home from work, driving on Whittier Boulevard, at about 1 a.m. on September 19, 1977. He stopped at Whittier and McBride Streets to look for a place to eat. "Corky's" was closed, so he went to "Tillie's" Bar where he had two beers from about 1:15 to 1:45. While in the bar, he observed appellant and Robert Anderson.

When Mr. Maldonado left the bar to return to his car, appellant and Anderson approached him and started hitting him. Appellant held Mr. Maldonado while Anderson hit him, then Mr. Maldonado broke loose and hit appellant in the cheek with his ring. Mr. Maldonado was then overpowered and fell to the ground. Appellant got behind him and grabbed his wallet, which contained $152, while Anderson kicked and hit him; then appellant also kicked him until he collapsed. Mr. Maldonado bled badly around the head and face, required sutures near his eye and head, was in pain and disabled from work for three weeks, and still had scars about his nose, right eye and forehead at the time of trial.

On September 22 and September 26, Mr. Maldonado positively identified photographs of Anderson and appellant. Having seen appellant and Anderson in the bar prior to the incident, he had no doubt in his identification of the photographs or his identification at trial.

Appellant had a mark on his cheek when he was photographed at the police station on September 22 or 23, and at the time of the preliminary hearing.

Robert Anderson was called as a witness by the prosecution. He had pled guilty to assault of Mr. Maldonado. He admitted that he struck and kicked Maldonado outside the bar.[1]

Anderson testified that although he had been drinking with appellant and a man named Ralph at the Sweetheart Bar between 7:30 and 8:30 that evening, appellant and Ralph had left. Anderson stated that when he committed the assault on Maldonado around 2 a.m. he was alone. He denied, however, that he took Mr. Maldonado's wallet. He testified that if the wallet was taken "[s]omebody else must have took it." He denied that appellant took it.

Anderson was impeached by his prior inconsistent statements to the police. He had told the police that appellant (Mike) and Ralph were present on the sidewalk during the incident.

Appellant presented an alibi defense. He testified on his own behalf that although he had been drinking with Anderson and Ralph Grijalda earlier that evening, he did not stay at the bar but instead went to the room of a friend named Louie at the Whittier Hotel, where he fell asleep and did not wake up until 6 a.m. He denied being present or participating in the robbery. He said the mark which had been on his cheek was the result of a bicycle accident.

*Without objection by appellant or request by appellant for contrary or additional instructions,* the trial court gave special modified instructions on accomplice testimony, stating that the testimony *or prior statements* of an accomplice *which tend to incriminate the defendant,* must be corroborated and ought to be viewed with distrust. The court instructed that Anderson's testimony was subject to the rule requiring corroboration.

[1]Anderson maintained that it was the Sweetheart Bar, not Tillie's, which was across the street.

■ Appellant's basic argument is that the testimony of the accomplice was favorable to the defense, and that in such circumstances the court should not instruct the jury to view such testimony with distrust. (See *People* v. *O'Brien*, 96 Cal. 171, 181 [31 P.45]; *People* v. *Hartung*, 101 Cal.App.2d 292, 295 [225 P.2d 614]; *People* v. *Graham*, 83 Cal.App.3d 736, 743-744 [149 Cal.Rptr. 6].) These cases are not controlling here, however, because Anderson's testimony was only partially favorable to appellant, and because the court's modifications of the standard instructions clearly limited the instructions to the incriminating aspects of the testimony. Appellant has no cause for complaint against the modified instructions given by the court without objection.

First, although Anderson claimed to have committed the assault alone, he denied committing any robbery. Second, Anderson was impeached by his prior inconsistent statement to the police which declared that appellant was present during the incident. The prior statement was admissible as substantive evidence (*People* v. *Manson*, 71 Cal.App.3d 1, 31-32 [139 Cal.Rptr. 275]) and the trial court modified the standard instructions so that they referred to "the testimony *or prior statements*" of an accomplice. (Italics added.)[2] Anderson's statement that appellant was present was inconsistent with appellant's alibi defense and strongly implicated him. The incriminating aspects of Anderson's testimony required the court to give accomplice instructions. (See *People* v. *Gordon*, 10 Cal.3d 460, 466 [110 Cal.Rptr. 906, 516 P.2d 298]; *People* v. *Terry*, 2 Cal.3d 362, 398-399 [85 Cal.Rptr. 409, 466 P.2d 961].)

To the extent that Anderson's testimony was favorable to appellant, *People* v. *Watson*, 113 Cal.App.2d 799, 803 [249 P.2d 38], and *People* v. *Miller*, 185 Cal.App.2d 59, 83-84 [8 Cal.Rptr. 91], compel the conclusion that the trial court did not err in the circumstances of this case.

In *Watson*, one accomplice, named Augustine, testified as a witness for the *defense*. Augustine gave testimony which exonerated the defendants, Watson and Salisbury. Furthermore, Augustine's testimony was sufficient to support a conclusion that a *prosecution* witness named German was an accomplice. On appeal, it was contended that the court should not have instructed that the testimony of an accomplice be viewed with distrust, since Augustine was an accomplice who testified for the defense. The

---

[2]Thus the instant case is distinguishable from *People* v. *Graham, supra,* 83 Cal.App.3d 736, 742, where the trial court gave *standard* instructions which did not take into account the incriminating prior inconsistent statements.

court pointed out, in rejecting this contention, that since there was evidence that a *prosecution witness,* German, was an accomplice, it would have been error *not* to give such instruction *as to the testimony of the prosecution witness.* The court stated: "A reading of the instruction as given demonstrates that it was directed solely to prosecution witnesses whom the jury might find to be accomplices." (113 Cal.App.2d at p. 803.)

The instruction in the instant case, like that in *Watson,* makes clear that the jury is to view with distrust only that portion of the accomplice's testimony which incriminated appellant. As modified, the instruction on viewing accomplice testimony with distrust stated: "It is the law that the testimony or prior statements of an accomplice *which tends* [*sic*] *to incriminate the defendant* ought to be viewed with distrust." (Italics added.) This instruction adequately protected appellant against the possibility that the jurors would think they were required to view with distrust all of Anderson's testimony.

In *People v. Miller, supra,* 185 Cal.App.2d 59, the accomplice was called first as a witness for the prosecution and then as a witness for the defense. Without objection the court instructed that the testimony of an accomplice should be viewed with distrust. On appeal it was contended that since the accomplice had been called (in part) as a defense witness, the instruction was improper. The court rejected this argument on the following ground: "In addition, to permit the defendant in this case to claim error in the giving of the instruction under consideration would pervert the purposes of justice. Under the authorities heretofore noted and the circumstances of this case, a failure to give that instruction would have been error. It was given for the benefit and protection of the defendant. If this benefit was outweighed by a disadvantage attributable to the fact that the witness was called by him, as well as by the People, he should have informed the trial court of his wishes in the premises, *i.e.,* whether to accept or reject the instruction. If the allegedly objectionable instruction had not been given, it is more than likely that the defendant would now be complaining because of such failure. He may not sit silently during the course of his trial; create a situation which may be to his advantage or disadvantage and require the court to make an election on his behalf without being bound by that election. He must make his own election and advise the court thereof by requesting an instruction acceptable to him, or in some other appropriate manner. To proceed otherwise is to require the court to choose one of two alleged evils and reserve to the defendant the right to claim error irrespective of the choice

made. This does not comport with justice." (185 Cal.App.2d at pp. 83-84.)

The instant case is similar to *Miller.* The testimony and prior statement of the accomplice had two natures, one incriminating (which appellant would like to be viewed with distrust), and one exonerating (which appellant would like the jury to believe). If appellant believed that additional instructions were necessary to separate or clarify the jury's duties with regard to these two aspects, he was required to make known his views to the trial court. From appellant's failure to object or request other instructions, we can only conclude he felt that in this respect the instruction given, which limited the view with distrust to that portion of the testimony or prior statements "which tends to incriminate the defendant," was acceptable to him. In this type of situation, he may not now urge that it was inadequate.[3]

■ The trial court instructed the jury that the testimony and prior statements of Anderson, "an accomplice," are subject to the corroboration requirement. Appellant argues that calling Anderson "an accomplice" necessarily implied Anderson did not commit the crime alone. Appellant did not raise this objection below, and in any event we disagree. For purposes of instruction on accomplice testimony, an accomplice is defined as one "who is liable to prosecution for the identical offense charged against the defendant on trial . . . ." (Pen. Code, § 1111; CALJIC No. 3.10 (1976 Revision).)[4] Anderson met this definition even if he committed the crime alone. He had pled guilty in the incident and thus was an accomplice within this meaning. "There is no provision limiting the application of [section 1111] to aiders and abettors or coconspirators, to the exclusion of perpetrators." (*People* v. *Gordon, supra,* 10 Cal.3d at p. 468.) Furthermore, even assuming arguendo that Anderson's status as an accomplice was a question of fact which should

---

[3]In *People* v. *Graham, supra,* 83 Cal.App.3d 736, 743 footnote 5, the appellate court permitted the defendant, without objection below, to argue that the trial court should not have given the standard accomplice instructions where the accomplice testified in favor of the defendant. *Graham* is distinguishable because in this case the trial court modified the instructions to deal with the very problem overlooked by the *Graham* trial court, and if appellant believed the modification inadequate, he should have made known his views below.

[4]This refers to liability to prosecution at the time the acts were committed. (*People* v. *Gordon, supra,* 10 Cal.3d 460, 469.)

have been left to the jury, the instruction that he was an accomplice was not prejudicial in light of the other instruction limiting the rules on accomplice testimony to the incriminating portions of his testimony.[5]

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[5]Appellant also contends that his concurrent sentences on counts I and II violated Penal Code section 654. This argument lacks merit since the trial court stayed execution of the sentence on count II in the manner which has long been approved as a means to avoid violation of section 654. (*People* v. *Miller,* 18 Cal.3d 873, 886 [135 Cal.Rptr. 654, 558 P.2d 552]; *In re Wright,* 65 Cal.2d 650, 655-656 fn. 4 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Niles,* 227 Cal.App.2d 749, 754, 755-756 [39 Cal.Rptr. 11].)