[Crim. No. 12788. Third Dist. Sept. 28, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
VAUGHN RAY BRADFORD, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote 2, *post*, page 534.

COUNSEL

Nathan L. Kaufman, under appointment by the Court of Appeal, and Vaughn Ray Bradford, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—A jury convicted defendant of first degree murder (Pen. Code, § 187)[1] and found true special allegations that defendant used a deadly and dangerous weapon during the commission of the offense (§ 12022, subd. (b)) and that defendant had been previously convicted of a "serious felony," i.e., one in which defendant had personally used a deadly or dangerous weapon. (§§ 667, 1192.7, subd. (c)(23).) Defendant appeals contending: (1) no substantial evidence supports the verdict; (2) the enhancement for the prior "serious felony" was unlawfully found and imposed; (3) his prior "serious felony" conviction is unconstitutional, and (4) his counsel was incompetent.

We conclude defendant had not been previously convicted of a "serious felony" as a matter of law. We therefore set aside the jury's "serious felony" finding and order the five-year enhancement term stricken. In all other respects, we affirm the judgment.

FACTS RELATED TO THE CURRENT OFFENSE[2]

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[1]All further statutory references are to the Penal Code.

[2]Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion except the following, which shall not be published: FACTS RELATED TO THE CURRENT OFFENSE, and parts I, III and IV.

## DISCUSSION

## II

As noted, defendant was convicted by the jury of first degree murder (§ 187). The jury also found true an allegation that defendant had been previously convicted of a "serious felony," to wit, that described in section 1192.7, subdivision (c)(23): "any felony in which the defendant personally used a dangerous or deadly weapon." Defendant contends the "serious felony" enhancement was unlawful. We agree.

Before the trial of the serious felony allegation, the court conducted a hearing outside the presence of the jury. The court took judicial notice of portions of its "file" of the action that resulted in the prior conviction. The court noted that in 1976 defendant was charged with assault with a deadly weapon (§ 245, subd. (a));[4] it was also alleged defendant personally used a firearm during the commission of that offense. (§ 12022.5.) The court also noted that the enhancement allegation was dismissed pursuant to a plea bargain. The court ruled that, despite dismissal of the use enhancement allegation, the issue of whether defendant's prior conviction was a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c)(23) could go to the jury.

The prosecution then called the victim of the 1976 conviction as a witness. He testified defendant shot him in the stomach with a revolver in March 1976. The prosecution also introduced a "change of plea" form, a "judgment of commitment," and prison records showing defendant's photograph and fingerprints. The court took judicial notice (and so instructed the jury) that a person with the same name as the victim had testified at the preliminary hearing in the 1976 case.

We conclude that, with respect to prior convictions arising out of crimes committed before the effective date of Proposition 8, subdivision (c)(23) of section 1192.7 must be interpreted to mean a prior felony in which an enhancement for use of a deadly or dangerous weapon, pursuant to section 12022, subdivision (b), was found or admitted to be true. Since the applicable statutory enhancement was first enacted in 1977 (see Stats. 1977, ch. 165, § 91, p. 678), defendant's 1976 conviction for violation of section 245, subdivision (a) was understandably not accompanied by the requisite enhancement. The prior conviction is therefore not a "serious felony."

---

[4]Now section 245, subdivision (a)(1). (See Stats. 1982, ch. 136, § 1, p. 437.)

Our analysis begins with the applicable statutes. Serious felony enhancements are defined by two statutes, sections 667 and 1192.7, which are set forth in full in the margin.[5] These statutes were enacted as a part of the

---

[5]Section 667 provides: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

Section 1192.7 provides: "(a) Plea bargaining in any case in which the indictment or information charges any serious felony or any offense of driving while under the influence of alcohol, drugs, narcotics, or any other intoxicating substance, or any combination thereof, is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence.

"(b) As used in this section 'plea bargaining' means any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant.

"(c) As used in this section 'serious felony' means any of the following: (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault.

"(d) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

Proposition 8 initiative, which was effective on June 9, 1982. (See *People* v. *Smith* (1983) 34 Cal.3d 251, 257 [193 Cal.Rptr. 692, 667 P.2d 149].)

Sections 667 and 1192.7 work in concert. Section 667 describes what shall happen to those convicted of serious felonies; section 667 refers to subdivision (c) of section 1192.7 to define what felonies are serious. Both these statutes contemplate that the serious felonies at issue are discrete statutorily defined crimes or enhancements with elements that are commonly pleaded. We know this for several reasons. First, section 667 speaks of "Any person convicted of a serious felony who previously has been convicted of a serious felony . . . ." That language contemplates a conviction of a defined crime.

Next, subdivision (a) of section 667 states that an out-of-state felony constitutes a serious felony when it "includes all of the elements of any serious felony . . . ." From this language, we may reasonably infer that in-state serious felonies are discrete crimes or enhancements with elements that can be compared to the elements of out-of-state discrete crimes or enhancements.

As noted, section 667 uses section 1192.7 as a convenient laundry list to define what felonies are serious. However, section 1192.7 is not principally an enhancement statute. Rather, its primary announced purpose is to limit plea bargaining. Subdivision (a) of section 1192.7 tells us plea bargaining is prohibited "in any case *in which the indictment or information charges any serious felony* . . . ." (Italics added.) From this language, we can reasonably infer that the laundry list set forth in subdivision (c) of the same statute is made up of matters that we would ordinarily expect to see pleaded in an indictment or information, because subdivision (a) has plainly told us to look to the indictment or information to find out whether a "serious felony" has been charged. The proper function of an indictment or information is to plead only the elements of a statutorily defined offense and not factual surplusage. (*People* v. *Crowson* (1983) 33 Cal.3d 623, 634 [190 Cal.Rptr. 165, 660 P.2d 389].) Consequently, we infer the statute contemplates that "serious felonies" are statutorily defined crimes or enhancements with elements that are properly pleaded. And, with the exception of a few items, the laundry list of subdivision (c) fits nicely into this construct: we immediately recognize most items on the list as discrete crimes or enhancements that are pleaded routinely. (See fn. 5, *ante.*)

It is evident, however, that the laundry list of section 1192.7, subdivision (c) is not composed exclusively of matters that were defined crimes or enhancements *as of passage of Proposition 8.* For example, subdivision (c)(12) gives "serious felony" status to "assault by a life prisoner on a

noninmate." At time of passage of Proposition 8, in 1982, (and at the present time) section 4500 outlawed assaults by prisoners subject to life sentences but did not distinguish between inmate and noninmate victims. Similarly, subdivision (c)(10) of section 1192.7 refers to "assault with intent to commit . . . robbery" even though no such crime existed when Proposition 8 was enacted. Does this mean our "serious felony" construct is invalid and that the statutes do not envision "serious felonies" as being discrete crimes or enhancements? Do the statutes rather contemplate that we should examine the factual circumstances of crimes to find out whether they fit a "serious felony" category, for example, whether an assault was, *in fact,* upon a noninmate?

We think not. Rather, we believe there is an irresistible explanation for most of the matters on the "serious felony" laundry list that were not crimes as of enactment of Proposition 8: the list of serious felonies set forth in subdivision (c) of section 1192.7 was appropriated nearly verbatim from subdivision (b) of section 12021.1,[6] and the latter statute included several

---

[6]Section 12021.1 provides: "(a) Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

"(b) As used in this section, a violent offense includes any of the following: (1) Murder or voluntary manslaughter.

"(2) Mayhem.

"(3) Rape.

"(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

"(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

"(6) Lewd acts on a child under the age of 14 years.

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, which has been charged and proven, or any felony in which the defendant uses a firearm which use has been charged and proven.

"(9) Attempted murder.

"(10) Assault with intent to commit rape or robbery.

"(11) Assault with a deadly weapon or instrument on a peace officer.

"(12) Assault by a life prisoner on a noninmate.

"(13) Assault with a deadly weapon by an inmate.

"(14) Arson.

"(15) Exploding a destructive device or any explosive with intent to injure.

"(16) Exploding a destructive device or any explosive causing great bodily injury.

"(17) Exploding a destructive device or any explosive with intent to murder.

"(18) Robbery.

"(19) Kidnapping.

"(20) Taking of a hostage by an inmate of a state prison.

"(21) Attempt to commit a felony punishable by death or imprisonment in the state prison

offenses which had earlier been statutory crimes but which had been subject to repeal before Proposition 8. Thus, nearly all items on the "serious felony" laundry list set forth in subdivision (c) of section 1192.7 can be readily explained by reference to subdivision (b) of section 12021.1: they consist either of matters that were or had been earlier statutory crimes or enhancements as of the date of passage of Proposition 8. In short, we believe subdivision (b) of section 12021.1 is the rosetta stone that explains the otherwise paradoxical "serious felony" statutes in Proposition 8.

As is readily apparent from a perusal of the appendix, *post,* subdivision (c) of section 1192.7 is nearly an exact replica of subdivision (b) of section 12021.1. Section 12021.1 became operative on April 24, 1982—before passage of Proposition 8. (Stats. 1982, ch. 136, §§ 7, 14, 15, pp. 446-447, 455.) The remarkable similarities in the two statutes compel the conclusion subdivision (b) of section 12021.1 was the basic template from which subdivision (c) of section 1192.7 was produced.

The ostensible purpose of section 12021.1, read in its entirety, is to require a six month county jail term as a condition of probation, except as provided in subdivision (d), where one who has been previously convicted of a listed "violent offense" is found guilty of owning or possessing a concealable firearm. As the appendix, *post,* indicates, each offense set forth in subdivision (b) of section 12021.1 was or is an explictly defined crime or enhancement, as we would expect of a statute that imposes increased

---

for life.

"(22) Any felony in which the defendant personally used a dangerous or deadly weapon.

"(23) Escape from a state prison by use of force or violence.

"(24) Assault with a deadly weapon or force likely to produce great bodily injury.

"(25) Any attempt to commit a crime listed in this subdivision other than an assault.

"(26) Any offense enumeräted in Section 12001.6.

"(c) Any person previously convicted of any of the offenses listed in subdivision (b) which conviction results from certification by the juvenile court for prosecution as an adult in adult court under the provisions of Section 707 of the Welfare and Institutions Code, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

"(d) The court shall apply the minimum sentence as specified in subdivisions (a) and (c) except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the imprisonment required by subdivisions (a) and (c), or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in subdivisions (a) and (c), in which case the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by such a disposition."

penalties on those who have been previously convicted of specified felonies.[7]

In the context of subdivision (b) of section 12021.1, the apparent anomalies we noted earlier—that neither "assault by a life prisoner on a noninmate" nor "assault with intent to commit robbery" were crimes when Proposition 8 was adopted—make perfect sense. Assault by a life prisoner on a noninmate was a crime defined by section 4500 between 1973 and 1977. (Added by Stats. 1973, ch. 719, § 13, p. 1301; repealed by amendment Stats. 1977, ch. 316, § 21, pp. 1264-1265.) Similarly, assault with intent to commit robbery was a statutory crime (usually defined by section 220) between 1850 and 1978. (Added by Stats. 1850, ch. 99, § 50, p. 234; repealed by amendment Stats. 1978, ch. 579, § 12, p. 1982.) Since the purpose of section 12021.1 is generally to increase the punishment of those convicted of specified crimes in the past who carry proscribed weapons, it is wholly reasonable for the statute to include these former crimes as applicable prior "violent offenses." Otherwise, persons previously convicted of these former crimes would evade the statute. Including these former offenses as "serious felonies" makes sense under section 667 for the same reason.

We find it untenable that the drafters of the "serious felony" provisions of proposition 8 made a conscious decision to depart from the coherent statutory construct reflected in section 12021.1. One arguable indication of such intent lies in the deletion of certain language from subdivision (b)(8) of section 12021.1 when it was made subdivision (c)(8) of section 1192.7. Subdivision (b)(8) of section 12021.1 provides: "Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, *which has been charged and proven,* or any felony in which the defendant uses a firearm *which use has been charged and proven.*" (Italics added.) Subdivision (c)(8) of section 1192.7 dropped the emphasized language. (See appendix, *post.*) Deletion of the emphasized language could arguably be construed as indicating an intent to abandon the notion of discrete crimes that pervades section 12021.1. However, a far more plausible explanation is that deletion of the language was necessary to avoid facial

---

[7]In this regard, we note that a recent opinion of the Attorney General, interpreting section 12021.1, supports our view. The Attorney General has opined that one previously convicted of unlawful sexual intercourse (§ 261.5) or of "statutory rape" (former § 261, subd. (1)) has not previously been convicted of "rape" within the meaning of subdivision (b)(3) of section 12021.1. (67 Ops.Cal.Atty.Gen. 45, 48 (1984).) The Attorney General reasoned that rape was defined as a different crime than either unlawful sexual intercourse or "statutory rape" (see § 261), so that section 12021.1 did not apply. (*Ibid.*) The Attorney General's analysis assumed the obvious: that subdivision (b) of section 12021.1 referred to discrete, defined crimes, not to conduct considered in isolation from the requisite elements of such crimes.

absurdity under section 1192.7, which, as we have noted, prohibits plea bargaining in cases where the indictment or information charges specified felonies. Since subdivision (a) of section 1192.7 has told us that all items in subdivision (c) will be pleaded, the requirement in subdivision (b)(8) of section 12021.1 that the matters be "charged" would be redundant under section 1192.7. And, since plea bargaining takes place before any charge has been proven, it would be absurd to include a requirement that a charge be "proven" in a statute, such as section 1192.7, that outlaws plea bargaining.

In sum, we conclude the linguistic change made in subdivision (b)(8) of section 12021.1 cannot reasonably be construed as indicating an intent in section 1192.7 to abandon the former statute's reference to statutorily defined crimes or enhancements. Rather, we conclude sections 667 and 1192.7, subdivision (c) must be read to define discrete crimes (or former crimes) and enhancements.

We believe a contrary result would, as a practical matter, unleash unproductive chaos in the trial courts. Under a facial application of sections 667 and 1192.7, a "serious felony" prior may be used to enhance a sentence regardless of the age of the prior.[8] If we were to construe the statutes to permit the litigation of the factual circumstances of old prior convictions, our judicial system would soon be required to resolve (on a case-by-case basis) myriad objections based on speedy trial, due process, and double jeopardy grounds. Our result avoids this morass, achieves an economy of application, and results in appropriate additional punishment for defendants whose prior personal use of dangerous or deadly weapons has been adjudicated under section 12022, subdivision (b).

While this interpretation leaves section 1192.7 with some problems of application,[9] those problems are ultimately and fairly attributable to the fact a subdivision of one statute (§ 12021.1, subd. (b)) was borrowed nearly verbatim and uncritically inserted in another statute (§ 1192.7, subd. (c)) designed to accomplish a wholly different purpose. In any event, we cannot interpret the statutes in an unreasonable way in order to try to cure problems caused by use of this perilous drafting technique. ■ Ordinary rules of statutory construction apply to statutes enacted by initiative. (See *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 145-147 [197 Cal.Rptr. 79, 672 P.2d 862].) The defendant is entitled to the benefit of every reasonable doubt in the construction of a penal statute imposing increased penalties for past

---

[8]We imply no view on whether the age of a prior conviction may raise constitutional problems.

[9]For example, it is not clear how one can attempt to plea bargain in cases where the offense has been repealed.

convictions. (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553], and authorities cited therein.)

We next examine subdivision (c)(23) of section 1192.7 in light of our conclusion that the statute refers to discrete crimes or enhancements.

■ Subdivision (c)(23) of section 1192.7 describes as "serious" "any felony in which the defendant personally used a dangerous or deadly weapon." That language bears an uncanny resemblance to the familiar language of subdivision (b) of section 12022, which provided at the time of enactment of Proposition 8: "Any person who personally uses a deadly or dangerous weapon in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of one year, unless use of a deadly or dangerous weapon is an element of the offense of which he was convicted." (Stats. 1977, ch. 165, § 91, p. 678.) We conclude a reasonable construction of subdivision (c)(23) of section 1192.7 is that a serious felony conviction described by the subdivision, and arising out of a crime committed before Proposition 8,[10] is one where an enhancement under section 12022, subdivision (b) was pleaded and proved or admitted.

Our conclusion makes sense under all the applicable statutes. A felony conviction accompanied by the statutory enhancement has "elements" that we could compare with out-of-state felonies and enhancements to satisfy section 667. The People were and are required to plead an enhancement sought under section 12022, subdivision (b) (see *People* v. *Najera* (1972) 8 Cal.3d 504, 509, fn. 4 [105 Cal.Rptr. 345, 503 P.2d 1353]) so that such an enhancement meets the identification test of section 1192.7: we could look at an indictment or information and recognize the enhancement allegation. Finally, the language of subdivision (c)(23) of section 1192.7 is identical to that in subdivision (b)(22) of section 12021.1, where we expect to find statutorily defined crimes (or former crimes) and enhancements. (See appendix, *post.*)

The section 12022, subdivision (b) enhancement for *personal use* of a deadly or dangerous weapon was enacted as an urgency measure in 1977

---

[10]Where a defendant has personally used a dangerous or deadly weapon in a felony committed *after* Proposition 8, we presume the prosecution would ordinarily plead an enhancement under subdivision (c)(23) of section 1192.7. Consequently, with respect to post-Proposition 8 crimes, we do not imply that an enhancement finding under section 12022, subdivision (b) is the *only* finding that would satisfy the "serious felony" statutes. Presumably, a felony with an enhancement found under subdivision (c)(23) of section 1192.7 will be properly used as a "serious felony" prior conviction if the same defendant commits another "serious felony" in the future.

and became operative on July 1, 1977. (Stats. 1977, ch. 165 §§ 91, 100, pp. 678, 680.) Before that, section 12022 imposed an enhancement only upon one *armed* with a deadly weapon. (Stats. 1968, ch. 1386, § 1, pp. 2720-2721.)[11] Since the requisite enhancement did not exist in 1976, when defendant was convicted, it could not have been (and was not) imposed on him.

We recognize that the language of section 12022, subdivision (b) currently precludes imposition of the enhancement upon a conviction for assault with a deadly weapon. (§ 245, subd. (a)(1).) Section 12022, subdivision (b) makes the enhancement inapplicable where "use of a deadly or dangerous weapon is an element of the offense of which he was convicted." Use of a deadly weapon is an element of the offense defined by section 245, subdivision (a)(1). (*People* v. *Whitehouse* (1980) 112 Cal.App.3d 479, 484-485 [169 Cal.Rptr. 199].) Therefore, the enhancement is precluded by its own statutory language.

It does not follow, however, that our conclusion is nonsensical. Section 12021.1—the role-model statute—apparently recognizes that the section 12022, subdivision (b) enhancement cannot be imposed upon a conviction for violation of section 245, subdivision (a)(1). Subdivision (b)(24) of section 12021.1 therefore defines the crime of assault with a deadly weapon (§ 245, subd. (a)(1)) as a "violent offense," regardless of whether the defendant has personally used a weapon. (See fn. 6, *ante*.) However, subdivision (b)(24) of section 12021.1 is one of the few "violent offenses" omitted from the "serious felony" laundry list set forth in subdivision (c) of section 1192.7. (See appendix, *post*.) ▮ It is an established canon of statutory construction that where statutory language is used in the same or similar context, an omission of crucial language must be given significance. (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]; *People* v. *Salazar* (1983) 144 Cal.App.3d 799, 807 [193 Cal.Rptr. 1]; see *People* v. *Dillon* (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697].)

We believe a reasonable conclusion is that a conviction for violation of subdivision (a)(1)[12] of section 245, is not to be given "serious felony" status under sections 667 and 1192.7. Subdivision (c)(11) of section 1192.7 defines as a "serious felony" an assault with a deadly weapon on a peace officer. (See § 245, subd. (b).) And subdivision (c)(13) of section 1192.7 gives "serious felony" status to an assault with a deadly weapon by an inmate. (See § 4501.) Unlike the "violent offense" statute, the "serious

---

[11]A 1976 amendment, which continued the "armed" language, would have taken effect July 1, 1977, but was obliterated by the 1977 urgency legislation. (See Stats. 1976, ch. 1139, §§ 304, 351.5, pp. 5161, 5176.)

[12]Formerly subdivision (a). (See fn. 4, *ante*.)

felony" statutes therefore single out for "serious felony" status certain species of assaults with a deadly weapon, i.e., those described in sections 245, subdivision (b) and 4501.

We also note that a conviction for assault with a deadly weapon, in and of itself, does not fit the statutory criteria set out in subdivision (c)(23) of section 1192.7. While *use* of a deadly or dangerous weapon is an element of the offense defined by section 245, subdivision (a)(1), *personal* use is not. (See *People* v. *Chagolla* (1983) 144 Cal.App.3d 422, 428-429 [193 Cal.Rptr. 711], *People* v. *Flanders* (1979) 89 Cal.App.3d 634, 640 [152 Cal.Rptr. 696].) Consequently, a conviction of assault with a deadly weapon does not satisfy the requirement of subdivision (c)(23) of section 1192.7 that defendant has *personally* used a dangerous or deadly weapon.

Because defendant had not suffered an enhancement under section 12022, subdivision (b) in connection with his 1976 felony conviction, the five-year serious felony enhancement was improperly imposed under sections 667 and 1192.7, subdivision (c)(23). We shall order the jury's finding of the serious felony enhancement vacated and the five-year enhancement term stricken.[13]

### III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The jury's finding the defendant suffered a prior conviction as alleged is vacated and the five-year term imposed for the enhancement is stricken. In all other respects, the judgment of conviction is affirmed. The trial court is directed to prepare a new abstract of judgment in conformity with this opinion and to furnish a certified copy thereof to the Department of Corrections.

Blease, J., concurred.

**PUGLIA, P. J.**—I concur in the result.

Paragraph (c), subdivision (23) of Penal Code section 1192.7 is virtually identical to the operative language of paragraph (b) of Penal Code section

---

[13]In light of this conclusion, it is unnecessary to address defendant's contention imposition of the enhancement violated the 1976 plea bargain that resulted in dismissal of the firearm use enhancement. (See *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]; compare *People* v. *Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511].)

*See footnote 2, *ante,* page 534.

12022. It is highly unlikely that this precise congruence is coincidental. Rather it manifests an intended interrelationship between the two provisions. Since in appropriate cases personal use of a deadly or dangerous weapon may be charged as an enhancement under section 12022, subdivision (b), the related provision of section 1192.7 may not later be invoked unless such a charge has been made and proven. No such enhancement was charged in conjunction with defendant's 1976 conviction of felony assault nor could it have been because the prior crime occurred before the enactment of section 12022, subdivision (b), which in any event is facially inapplicable to charges of assault with a deadly weapon.

The petitions of both parties for a hearing by the Supreme Court were denied January 17, 1985. Lucas, J., was of the opinion that the hearing should be granted.