[No. A024631. Sixth Dist. Mar. 1, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDEL ARWOOD, Defendant and Appellant.

COUNSEL

Thomas W. Perley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

PANELLI, P. J.—Appellant Randel Arwood pled nolo contendere to a charge of forcible rape and admitted a prior conviction of assault with a deadly weapon involving personal use of the deadly weapon. His sentence included a five-year enhancement under Penal Code section 667[1] for a prior conviction of a serious felony. Appellant now challenges the propriety of the enhancement.

*Procedural Background*

Appellant was charged with one count of forcible rape and one count of forcible oral copulation. The complaint further alleged two prior felony convictions within the meaning of section 667:[2] one for forcible rape in 1975 and one for assault with a deadly weapon in 1979.

Pursuant to a plea bargain, appellant entered a plea of nolo contendere to the forcible rape count, and admitted the truth of the prior felony conviction of assault with a deadly weapon involving personal use of the deadly weapon. In exchange for his plea, the prosecution agreed to dismiss the remaining charge and prior felony allegation, and to strike the upper term for the rape count so that appellant would receive no greater than its midterm of six years in addition to section 667's five-year enhancement for the admitted prior serious felony conviction. Appellant was eventually sentenced to serve an 11-year prison term in accordance with the plea bargain.

Appellant's in propria persona application for the issuance of a certificate of probable cause under section 1237.5 was denied by the superior court.

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]Section 667 provides a five-year enhancement for repeat offenders convicted of a serious felony who have been previously convicted of another serious felony. The term "serious felony" is defined by reference to subdivision (c) of section 1192.7 which lists 25 items. Both of these statutes were enacted by the Proposition 8 voter initiative, which became effective on June 9, 1982. (*People* v. *Smith* (1983) 34 Cal.3d 251, 257 [193 Cal.Rptr. 692, 667 P.2d 149].)

He was granted leave to file a belated notice of appeal in this court on condition his appeal be based "solely upon grounds occurring after entry of the guilty plea which do not challenge the validity of said plea." Appellant's request for court appointment of counsel on appeal was also granted.

Appellant now challenges the imposition of the five-year enhancement, arguing that his prior conviction of assault with a deadly weapon is not a "serious felony" within the meaning of section 667 and should therefore be stricken.

*Discussion*

I.

Preliminarily we address the issue whether appellant is precluded from challenging the imposition of section 667's five-year enhancement on appeal in light of his failure to obtain a certificate of probable cause as required by section 1237.5 where the judgment of conviction is entered upon a plea of guilty or nolo contendere.

The Attorney General argues appellant's challenge to the imposition of the five-year enhancement is not cognizable on appeal absent the execution and filing of a probable cause certificate because the enhancement was imposed as a result of appellant's admission of the prior serious felony conviction, and his admission occurred *before* entry of the nolo contendere plea. We agree with the Attorney General's position but, for reasons stated below, treat this appeal as a petition for writ of habeas corpus and address the merits of appellant's challenge.

A plea of guilty or nolo contendere "admits all matters essential to the conviction." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) The merits of the issue of guilt or innocence are not reviewable on appeal of a judgment entered on such a plea. (*People* v. *Meals* (1975) 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585].) The only issues cognizable on appeal following entry of a guilty or nolo contendere plea are those based upon constitutional, jurisdictional, or other grounds going to the legality of the proceedings provided that a section 1237.5 probable cause certificate has been obtained. (*People* v. *Padfield* (1982) 136 Cal.App.3d 218, 224 [185 Cal.Rptr. 903].) Section 1237.5 provides in pertinent part: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where [¶] (a) The defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has

executed and filed a certificate of probable cause for such appeal with the county clerk." The provisions of this section are implemented by rule 31(d) of the California Rules of Court which provides section 1237.5's provisions are inapplicable where the appeal is solely based upon grounds "occurring after entry of such [guilty, or nolo contendere] plea which do not challenge the validity of the plea."

■ Appellant argues his challenge goes only to the validity of the sentence imposed and that the provisions of section 1237.5 are inapplicable to him in accordance with rule 31(d) because the judicial act of sentencing occurred *after* entry of his nolo contendere plea. We disagree. Appellant's argument ignores the fact that imposition of the enhancement related back to his admission of the prior felony conviction, which occurred at the time he entered the plea.

■ "In determining the applicability of section 1237.5, the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made. . . . If a defendant challenges the validity of his plea by way of a motion to withdraw the plea, he cannot avoid the requirements of section 1237.5 by labelling the denial of the motion as an error in a proceeding subsequent to the plea. [Fn. omitted.]" (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308].) ■ In the case at bench appellant argues the admitted felony is not a serious felony within the meaning of section 667. He therefore challenges the propriety of imposing section 667's enhancement upon him by virtue of his admission. This constitutes a challenge to the validity of his plea insofar as it encompassed admission of a prior serious felony within the meaning of section 667. Appellant's characterization of this challenge as one merely touching upon his sentencing does not change its substance and avoid the requirements of section 1237.5. Thus appellant's failure to obtain a certificate of probable cause effectively bars his challenge on appeal to the validity of the enhancement resulting from his admission of the prior felony.

■ Appellant's challenge would, however, be cognizable in habeas corpus proceedings. ■ "[A] defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct." (*In re Zerbe* (1964) 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; accord *In re Crumpton* (1973) 9 Cal.3d 463, 467 [106 Cal.Rptr. 770, 507 P.2d 74].) ■ Similarly, where as here there is no material dispute regarding the facts relating to appellant's prior conviction, but it is argued that the admitted prior felony does not fit within the statutory definition of prior serious felonies warranting enhanced punishment, the propriety of the enhancement sentence may be properly raised

in a habeas corpus writ. ■ Rather than dismiss this appeal and require appellant to file a habeas corpus petition, and in the interest of judicial economy, we shall treat this appeal as a petition for habeas corpus and dispose of appellant's petition on its merits. (See, e.g., *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1094-1096 [207 Cal.Rptr. 199].)

## II.

■ Appellant first argues the admitted offense of assault with a deadly weapon is not a serious felony within the meaning of section 667 as defined by subdivision (c)(23) of section 1192.7. The latter provides a serious felony is "any felony in which the defendant personally used a dangerous or deadly weapon." Appellant contends subdivision (c)(23) should not be construed to encompass assault with a deadly weapon because to do so would render meaningless three other subdivisions of section 1192.7: subdivision (c)(8), "any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm"; subdivision (c)(11), "assault with a deadly weapon or instrument on a peace officer"; and subdivision (c)(13), "assault with a deadly weapon by an inmate." In support of this argument appellant cites the rule of statutory construction prescribing that an interpretation making some words surplusage is to be avoided. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].) We are not so persuaded.

By its own terms, subdivision (c)(23) applies to *any* felony in which a deadly weapon is *personally* used by defendant. Thus, to the extent an assault with a deadly weapon constitutes a felony it comes within subdivision (c)(23)'s scope provided defendant *personally* used the deadly weapon and liability is not premised upon his status as aider and abettor. On the other hand, subdivisions (c)(11) and (c)(13) apply to specific types of assaults with a deadly weapon (e.g., on a peace officer; by an inmate), which do not necessarily entail personal use of the same. Similarly, subdivision (c)(8) applies to *any* felony, not merely assaults, involving the use of a firearm. Each of these subdivisions refers to distinct criminal conduct independent of that covered by subdivision (c)(23). It can hardly be argued that subdivision (c)(23) renders subdivisions (c)(8), (c)(11), and (c)(13) "surplusage." By way of contrast, appellant's proposed statutory interpretation requires reference to other provisions of section 1192.7 in order to give effect to subdivision (c)(23). This statutory construction would render meaningless subdivision (c)(23)'s provisions. As such it should be avoided. Accordingly, appellant's contention is without merit.

Appellant next argues that the five-year enhancement must be stricken because he did not suffer a personal use enhancement under section 12022,

subdivision (b) in connection with the admitted prior felony conviction of assault with a deadly weapon. He relies upon *People* v. *Bradford* (1984) 160 Cal.App.3d 532 [206 Cal.Rptr. 899]. We reject this contention in light of the recent decision of *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736].

The *Bradford* case held that "with respect to prior convictions arising out of crimes committed before the effective date of Proposition 8, subdivision (c)(23) of section 1192.7 must be interpreted to mean a prior felony in which an enhancement for use of a deadly or dangerous weapon, pursuant to section 12022, subdivision (b), was found or admitted to be true." (160 Cal.App.3d at p. 535.) In so holding the court reasoned that since section 1192.7's list of serious felonies was largely patterned on section 12021.1's[3] list of violent felonies, the serious felony enhancement statute must have been intended to apply to already existing explicitly defined crimes or enhancements. (*Id.*, at pp. 537-538.) It thus found that section 1192.7, subdivision (c)(23)'s reference to a felony involving the personal use of a deadly weapon necessarily related to the similarly worded enhancement provisions of section 12022, subdivision (b).[4] The court therefore concluded that, with respect to prior convictions antedating Proposition 8, the enhancement provisions of subdivision (c)(23) were only applicable to those felonies in which the preexisting section 12022, subdivision (b) personal use enhancement had been found or admitted to be true. (*Id.*, at p. 542.) Because defendant's prior felony conviction in *Bradford* had not been accompanied by a section 12022, subdivision (b) enhancement, the court held that the five-year serious felony enhancement had been improperly imposed.[5]

*Bradford's* reasoning has, however, been called into question by our Supreme Court in *People* v. *Jackson, supra,* 37 Cal.3d 826 where the court rejected the view that sections 667 and 1192.7 consist only of specific statutory offenses and enhancements. In so doing the court noted that although Proposition 8's serious felony enhancement provisions appear to be largely based upon section 12021.1, subdivision (b)'s list of violent offenses, they also include items describing nonviolent criminal conduct which do not pre-

[3]Section 12021.1 requires incarceration where a person previously convicted of one of 26 enumerated "violent offenses" is found guilty of owning or possessing a concealable firearm.

[4]Section 12022, subdivision (b) provided in part at the time of enactment of Proposition 8: "Any person who personally uses a deadly or dangerous weapon in the commission . . . of a felony shall, upon conviction of such felony . . . be punished by an additional term of one year, unless use of a deadly or dangerous weapon is an element of the offense of which he was convicted."

[5]Defendant in *Bradford* was not charged with an enhancement under section 12022, subdivision (b) because his prior conviction occurred in 1976 *before* section 12022's personal use enhancement provisions came into effect.

cisely correspond to the elements of any preexisting criminal offense. (E.g., "selling, furnishing, administering or providing heroin, cocaine, or PCP to a minor" [§ 1192.7, subd. (c)(24)]; "burglary of a residence" [§ 1192.7, subd. (c)(18)]; *People* v. *Jackson, supra,* 37 Cal.3d at pp. 831-832.) The court reasoned the inclusion of these items evidenced the voter's intention to deter certain criminal conduct regardless of whether it refers to specific criminal offenses because it is perceived as dangerous and deserving of additional punishment when committed by recidivists. It therefore concluded the enhancement provisions enacted by Proposition 8 refer to the criminal *conduct* described therein, *not* to specific criminal *offenses* and thus these provisions apply whenever the prosecution pleads and proves the specified conduct. (*Ibid.*)

The *Jackson* court also held that defendant's admission of a fact necessary for the imposition of a particular enhancement under section 1192.7 is binding upon defendant even though the admitted fact was not an essential element of the prior conviction for which enhancement is sought, provided that the admitted fact (e.g., residential entry) was properly pled as an element of the particular enhancement involved. (37 Cal.3d at pp. 833-836.) The court reasoned that "[i]t cannot reasonably be argued that a defendant who admits the truth of an enhancement allegation can escape the increased sentence on the ground that the elements of the enhancement are not also elements of the underlying crime." (*Id.,* at p. 835.)

We believe *Bradford*'s interpretation of the enhancement provisions of Proposition 8 is no longer valid in light of *Jackson*'s holding that these provisions apply to the designated prior serious felonies regardless of whether the particular specified conduct constitutes a specific statutory offense or enhancement, provided the prosecution properly pleads and proves the same. Accordingly, we reject *Bradford*'s holding that prior felony convictions antedating Proposition 8 cannot be enhanced under subdivision (c)(23) of section 1192.7 unless the prior conviction had been accompanied by a personal use enhancement under subdivision (b) of section 12022. (See fn. 4, *ante.*)[6]

In the case at bar, the information properly alleged appellant had been previously convicted of the serious felony of "assault with a deadly weapon, in which defendant personally used a deadly weapon . . . within the mean-

---

[6]A recent case decided in the First District, *People* v. *Sutton* (1985) 163 Cal.App.3d 438 [209 Cal.Rptr. 536], determined that an assault with a deadly weapon is not a serious felony under subdivision (c)(23). However, *Sutton* relies on *Bradford* as the basis of its holding. As we have previously noted, we believe *Bradford* has been reversed sub silentio by our high court in *People* v. *Jackson. Sutton* was decided before *Jackson* and accordingly did not have the benefit of the *Jackson* decision. We therefore decline to follow *Sutton.*

ing of Penal Code section 667." The record shows that appellant was aware that admitting commission of the prior assault with a deadly weapon and his personal use of the deadly weapon would expose him to an additional five-year sentence. Appellant nevertheless expressly admitted the allegation as part of the plea bargain. " 'Defendant's admission of the prior conviction[] is not limited in scope to the fact of the conviction[] but extends to all allegations concerning the [felony] contained in the information.' (*People* v. *Ebner* (1966) 64 Cal.2d 297, 303 . . . .) He is now bound by the admission. [Fn. omitted.] (*People* v. *Welge* (1980) 101 Cal.App.3d 616, 623 . . . .)" (*People* v. *Jackson, supra,* 37 Cal.3d at pp. 835-836.)

 In view of appellant's admission, he is now subject to the five-year enhancement provided by section 667. We conclude this enhancement was properly imposed and affirm the judgment below.

Agliano, J., and Brauer, J., concurred.