Filed 9/10/14  P. v. Thomas CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073701 |
| v. | (Super. Ct. No. 62107466B) |
| DAVID EUGENE THOMAS, JR., | |
| Defendant and Appellant. | |

Defendant David Eugene Thomas, Jr., committed a home invasion robbery with four companions.  Two residents of the home were held at gunpoint while the home was ransacked.  Items of personal property were stolen.

Defendant pleaded no contest to two counts of residential robbery (Pen. Code, §§ 211, 213, subd. (a)(1)(A)[1] -- counts one and two) and two counts of false

---

[1] Undesignated statutory references are to the Penal Code.

1

imprisonment by violence (§ 236 -- counts three and four). He admitted personally using a firearm in the commission of the offenses (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)) and also admitted three prior strike convictions from a prior juvenile court proceeding (§§ 667, subds. (b)-(i), 1170.12). In exchange for the pleas and admissions, the prosecutor agreed not to file an amended information asserting the prior convictions as a five-year enhancement pursuant to section 667, subdivision (a)(1), and the trial court agreed to consider striking one or more of the prior strike convictions. At sentencing, the trial court dismissed one of the prior strikes and sentenced defendant to an aggregate prison term of 35 years to life (25 to life on count one, plus 10 years consecutive for personally using a firearm, with concurrent terms of 25 to life on counts two, three, and four).

On appeal, defendant contends (1) his three prior juvenile court adjudications were not prior convictions under the three strikes law, because the meaning of the Sixth Amendment exception for prior convictions must be ascertained based on what it would have meant to the framers of the Bill of Rights; (2) although the California Supreme Court held otherwise in *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*), that case was wrongly decided; and (3) the sentences on counts three and four must be stayed pursuant to section 654.

We conclude defendant's first and second contentions are, in essence, a challenge to the validity of his plea, and are not reviewable because he did not obtain a certificate of probable cause.[2] (§ 1237.5.) But we agree with his third contention that the sentences on counts three and four must be stayed pursuant to section 654.

_____

[2] The parties did not originally address in their appellate briefs whether defendant's failure to obtain a certificate of probable cause prevents us from reviewing his first and second contentions. Concluding that the law is clear, we decided the issue without further briefing, but invited any aggrieved party to petition for rehearing. (Gov. Code, § 68081.) Defendant accepted the invitation. We granted defendant's petition for

We will modify the judgment and affirm the judgment as modified.

DISCUSSION

I

Defendant contends his three prior criminal adjudications in juvenile court do not constitutionally qualify as prior convictions for purposes of sentencing under the three strikes law, because they were obtained without the right to a jury trial. He acknowledges that the California Supreme Court, in *Nguyen, supra,* 46 Cal.4th 1007, held to the contrary, but he says he is making an argument not discussed in *Nguyen*: that the meaning of the Sixth Amendment exception for prior convictions must be determined by ascertaining what it would have meant to the framers of the Bill of Rights.

Ultimately, however, defendant's contention is a challenge to the validity of his plea, requiring a certificate of probable cause. Section 1237.5 provides, "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

An appeal is subject to the requirements of section 1237.5 if it is in substance a challenge to the validity of the plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) For example, a certificate of probable cause is required when the defendant claims he was improperly induced to enter a plea (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896) or

---

rehearing and directed the parties to submit supplemental briefing limited to whether the first two contentions in appellant's opening brief are reviewable without a certificate of probable cause. We have reviewed and considered the supplemental briefs filed by the parties.

where the defendant attacks the constitutionality of a sentence he negotiated as part of his plea (*People v. Young* (2000) 77 Cal.App.4th 827, 830-832).

Defendant's contention that his juvenile adjudications cannot be used as strikes is a challenge to the validity of a plea term because as part of his plea he admitted his juvenile adjudications for sex crimes were serious or violent strikes.  The information had alleged, pursuant to the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)), that defendant had three prior serious or violent strike convictions (juvenile adjudications for sex crimes).  As part of his plea, defendant admitted he "ha[d] three strike priors on his record under [sections] 667(b) through (i) and 1170.12(a) through (i)."  Defendant further agreed he may file a motion asking the trial court to strike two of those three prior strikes.

Because defendant did not obtain a certificate of probable cause, we are precluded from reviewing his contention.  (*People v. Arwood* (1985) 165 Cal.App.3d 167, 172 [section 1237.5 certificate required where the defendant admitted he suffered a prior serious felony conviction as part of his plea but argued on appeal that the admitted felony was not a serious felony and, therefore, the imposition of an enhancement under section 667 should be stricken]; *People v. Sturns* (2000) 77 Cal.App.4th 1382, 1390-1391 [the defendant's admission, as part of a plea agreement, that he was previously convicted of arson of property and such conviction constituted a strike for the purpose of the three strikes law precluded review of those facts absent a certificate of probable cause], overruled on another ground in *In re Chavez* (2003) 30 Cal.4th 643, 657, fn. 6 .)

II

Defendant also claims *Nguyen, supra,* 46 Cal.4th 1007, was wrongly decided.  He acknowledges that this court "may consider itself required" to follow California Supreme Court precedent.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Nonetheless, he asserts the contention to preserve his argument for further review.

4

Again, however, his contention is ultimately a challenge to the validity of his plea. As we explained in part I, *ante*, it is not reviewable without a certificate of probable cause.

## III

In addition, defendant asserts that the sentences on counts three and four (false imprisonment by violence) must be stayed pursuant to section 654 because the objective of those offenses was to facilitate the residential robberies for which he was convicted and sentenced on counts one and two. The Attorney General agrees.

We may review this contention even though defendant did not obtain a certificate of probable cause. Defendant's plea agreement did not specify a lid sentence, i.e., a sentence less than the maximum he could receive if sentenced on all the charges and enhancements. Instead, the trial court informed defendant that his plea did not prevent the trial court from imposing the maximum sentence. Because defendant's sentence was not negotiated, he did not waive or forfeit his claim under section 654. (See, e.g., *People v. Shelton* (2006) 37 Cal.4th 759, 769 [defendant's section 654 challenge to a negotiated lid sentence required a certificate of probable cause].)

Turning to the merits of defendant's contention, section 654 "prohibits punishment for more than one crime arising from a single indivisible course of conduct." (*People v. Williams* (2013) 57 Cal.4th 776, 780-781.) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507, italics omitted.)

The factual basis for defendant's plea shows that defendant and his companions held the victims at gunpoint to prevent the victims from leaving the residence and interfering with the residential robbery. Because the false imprisonments were incident to the robberies, the sentences on counts three and four must be stayed.

5

### DISPOSITION

The judgment is modified to stay the concurrent sentences of 25 years to life on counts three and four.  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment reflecting the modified judgment, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                                MAURO            , J.

We concur:

            BUTZ            , Acting P. J.

            HOCH            , J.