Filed 8/21/15  P. v. Cooley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREGORY MICHAEL COOLEY, <br><br> Defendant and Appellant. | C077161 <br><br> (Super. Ct. No. 13F6691, 12F4632, 12F7716) <br><br> MODIFICATION OF OPINION UPON DENIAL OF PETITION FOR REHEARING <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 31, 2015, be modified as follows:

1.     On page 8, on line 1 of footnote 6, a period is inserted after the word "agreement," and the words "and does not contend the trial court's obviously incorrect oral pronouncement of judgment should control over the abstract of judgment" are deleted so that the first sentence of the footnote reads:

> Defendant does not contend the trial court breached the parties' plea agreement.

1

2.        On page 8, at the end of footnote 6, after the sentence now ending with "plea agreement," add the following sentences:

> Defendant makes passing reference to the principle that the oral pronouncement of judgment controls over the abstract of judgment in a footnote, but does not argue that the abstract should be modified to reflect all of the errors in the oral pronouncement. To the extent defendant intended to make that unusual argument, it is waived. (Cal. Rules of Court, rule 8.204(a)(1)(B) [issues should be set forth under separate headings and supported by argument and citation to authority]; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4 ["The failure to head an argument as required by California Rules of Court constitutes a waiver"].)

As modified, the petition for rehearing is denied. This modification does not change the judgment.

FOR THE COURT:


 BLEASE              , Acting P.J.


 MAURO              , J.


 RENNER            , J.

Filed 7/31/15  P. v. Cooley CA3 (unmodified version)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077161 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F6691, 12F4632, 12F7716) |
| v. | |
| GREGORY MICHAEL COOLEY, | |
| Defendant and Appellant. | |

Defendant Gregory Michael Cooley pleaded guilty or no contest to criminal offenses in three separate cases, and admitted various special allegations and enhancements, in exchange for a stipulated aggregate sentence of 18 years eight months. On appeal, defendant contends his sentence is unauthorized, and must be reduced to 16 years eight months, because the trial court omitted an on-bail enhancement during the oral pronouncement of judgment, and applied the wrong sentencing triad to reach the stipulated sentence.

1

Defendant's claim challenges the trial court's authority to impose the agreed-upon sentence. Such claims cannot be raised on appeal without a certificate of probable cause. (Pen. Code, § 1237.5;[1] see also *People v. Cuevas* (2008) 44 Cal.4th 374, 376-377 (*Cuevas*); *People v. Shelton* (2006) 37 Cal.4th 759, 763, 769 (*Shelton*).) Because defendant did not obtain a certificate of probable cause, we decline to consider defendant's attack on the legality of his sentence.

We do, however, consider defendant's challenge to the restitution and parole revocation fines ordered in two of his cases. Because the trial court did not impose the fines during the oral pronouncement of judgment, and because the prosecutor forfeited any objection in the trial court, we shall delete the restitution fines in the relevant cases from the abstract of judgment and strike the corresponding parole revocation fines. In all other respects, we shall affirm the judgment.

## BACKGROUND

This appeal involves plea agreements in three separate cases, which are briefly described *post*.[2]

*Case No. 12F4632*

On September 26, 2012, defendant was charged by complaint with 11 counts as follows: possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)— count 1); possession of methamphetamine for sale (Health & Saf. Code, § 11378— count 2); transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)— count 3); possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)—count 4); carrying a concealed firearm (§ 25400, subd. (a)(2)—count 5); felon in possession of a firearm (§ 29800, subd. (a)—counts 6 and 9);

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a recitation of the facts underlying defendant's crimes as they are not relevant to the issues raised on appeal.

felon in possession of live ammunition (§ 30305, subd. (a)(1)—counts 7, 8, and 10); and resisting an officer (§ 148, subd. (a)(1)—count 11). The complaint also alleged that defendant had a prior strike conviction for first degree burglary within the meaning of section 1170.12, and, as to counts 2 and 3, that he was personally armed with a firearm within the meaning of section 12022, subdivision (c).

*Case No. 12F7716*

On February 5, 2013, defendant was charged by information with three counts as follows: possession of methamphetamine for sale (Health & Saf. Code, § 11378—count 1); transportation of methamphetamine (Health & Saf. Code, 11379, subd. (a)—count 2); and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)—count 3). The information also alleged defendant's prior strike conviction for first degree burglary (§ 1170.12), a prior prison term (§ 667.5, subd. (b)), and an on-bail enhancement (§ 12022.1, subd. (b)).

*First Plea Agreement*

Defendant entered no contest pleas in case Nos. 12F4632 and 12F7716 on July 22, 2013. In case No. 12F4632, defendant pleaded no contest to count 4, possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1), and admitted the prior strike conviction. In case No. 12F7716, defendant pleaded no contest to count 1, possession of methamphetamine for sale (Health & Saf. Code, § 11378), and admitted the prior strike conviction and the on-bail enhancement. In exchange for defendant's pleas, the parties agreed that defendant would receive a term of seven years four months in state prison, with a dismissal of the on-bail enhancement so long as defendant appeared for sentencing. The parties further agreed that defendant would receive an aggregate sentence of 11 years four months, if he failed to appear for sentencing. Sentencing was set for October 1, 2013. Defendant failed to appear.

3

*Case No. 13F6691*

On February 13, 2014, defendant was charged by information in a new case with four counts as follows: first degree burglary with a person present (§§ 459, 667.5, subd. (c)(21)—count 1); attempted first degree burglary (§§ 664, 212.5, subd. (a)—count 2); assault with a firearm (§ 245, subd. (a)(2)—count 3); and elder or dependent abuse (§ 368, subd. (b)(1)—count 4). The information alleged that defendant personally used a firearm (§ 12022.53, subd. (b)) and personally discharged a firearm (§ 12022.53, subd. (c)) in the commission of the offenses charged in counts 1 through 3. The information further alleged that a principal was armed with a firearm during the commission of all charged offenses. (§ 12022, subd. (a)(1).) The information further alleged that defendant had a prior strike conviction (§ 1170.12), a prior prison term (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)(1)), and committed all of the charged offenses while released on bail in case Nos. 12F4632 and 12F7716.

*Second Plea Agreement*

Defendant appeared for a change of plea hearing in case No. 13F6691 on May 19, 2014. In anticipation of the hearing, defendant executed a plea form indicating that he would be pleading guilty to count 1, first degree burglary (§ 459), and admitting the prior strike conviction (§ 1170.12), in exchange for dismissal of the other charges and enhancements in case No. 13F6691, and a stipulated aggregate sentence of 18 years eight months in all three cases (case Nos. 13F6691, 12F4632, and 12F7716), plus a fourth case from Los Angeles County Superior Court (case No. KA10317801). A handwritten notation on the preprinted plea form indicates that defendant's aggregate sentence would be calculated as follows: "In 13F6691—6 yrs x 2; in 12F7716—3 yrs 4 months; in

4

12F4632—2 yrs; in KA10317801—16 months."[3] The plea form was signed by defendant, defendant's two attorneys, the prosecutor, and the trial court.

Prior to accepting defendant's plea, the trial court asked defendant to confirm his understanding of the stipulated sentence, stating: "A total sentence here would be 18 years, 8 months. Is that your understanding? Is [that] the agreement, [defendant]? Bottom line, 18 years, 8 months?" Defendant answered in the affirmative.

Defendant then pleaded guilty to count 1, first degree burglary (§ 459), without the serious and violent felony allegation, and admitted the prior strike conviction. The trial court accepted defendant's plea and admission.

A short time later, the trial court confirmed the parties' understanding of the stipulated aggregate sentence again, as set forth on the plea form. The following colloquy took place:

"[The Court]: And while [the prosecutor] is here, the way it's written on [the plea form], is 13 F 6691, it's going to be the aggravated six years, doubled for the strike. And then from 12 F 7716, three years, four months. 12 F 4632, two years. And then 16 months from the LA case? That's the way it's written up on the plea form.

"[Prosecutor]: That's the math, right. I'm not sure that—I misheard or if I misheard or the plea form is wrong on the case number, of the last Shasta county case?

"[The Court]: 12 F 4632? I have that file here. That is written up as a two-year sentence.

"[Prosecutor]: Correct.

"[The Court]: On the other 12 F case, 7716, which I also have here, 3 years, 4 months.

"[Prosecutor]: I'm good. Thanks.

---

[3] As we shall discuss, the plea form contains additional handwritten notations by the trial court made after defendant's change of plea hearing but before the sentencing hearing.

"[The Court]: Is that what defense counsel have [*sic*] also?

"[Defense Counsel No. 2]: Yes.

"[Defense Counsel No. 1]: Yes.

"[The Court]: Okay."

Sentencing was set for June 19, 2014.

*Sentencing*

Defendant appeared for sentencing on June 19, 2014. During the sentencing hearing, the trial court sentenced defendant as follows: "Okay . . . per [the plea] agreement, what I'm going to do is impose—deny probation across the board, impose an 18-year, eight-month sentence, and that number is . . . arrived at by imposing in 13F6691, that's the more recent of the cases, for Count 1, 459, a six-year sentence. That six-year sentence is doubled, as a result of the strike, through 12 years. [¶] And then, in 12F771 [*sic*], Count 4, which is an 1170.1 Health and Safety Code violation, would need—one-third the midterm, which I believe is 20 months, and that's doubled to 40 months, three years, four months. [¶] And the 12F4632 for Count 1, 11377 and 11378, it is a one-year mid-term sentence doubled to two years because of the strike. [¶] Then there's a Los Angeles County case, KA10317801, and that's a 16 month sentence there."

Although the trial court imposed the stipulated aggregate sentence of 18 years eight months, the court sentenced defendant to offenses to which he did not plead. Specifically, the trial court sentenced defendant to three years four months in case No. 12F7716 for "an 1170.1 Health and Safety Code violation," which was not the basis for defendant's conviction in case No. 12F7716, and is not a penal statute in any case.[4] Similarly, the trial court sentenced defendant to two years for violations of Health and Safety Code sections 11377 and 11378 in case No. 12F4632, when defendant only

---

[4] Health and Safety Code section 1170.1 establishes the short title for the Monterey County Special Health Care Authority Act. (Health & Saf. Code, § 1170 et seq.)

pleaded no contest to a violation of Health and Safety Code section 11370.1 in that case. Thus, the trial court sentenced defendant to the wrong offenses in case Nos. 12F4632 and 12F7716. The trial court also omitted the on-bail enhancement in case No. 12F7716. Neither defendant nor anyone else objected or attempted to correct the trial court.

The trial court then ordered defendant to pay a $280 restitution fine pursuant to section 1202.4 and a $280 parole revocation fine pursuant to section 1202.45 (which was stayed pending successful completion of parole) in case No. 13F6691 only. The trial court did not order defendant to pay restitution or parole revocation fines in case Nos. 12F7716 and 12F4632. Neither party objected in the trial court.

Following the sentencing hearing, the trial court entered a minute order indicating that defendant had been sentenced as follows: in case No. 13F6691, the upper term of six years for count 1, first degree burglary (§ 459), doubled for the prior strike conviction, for a term of 12 years; in case No. 12F7716, eight months (one-third the midterm) for count 1, possession of methamphetamine for sale (Health & Saf. Code, § 11378), doubled for the prior strike conviction, plus two years for the on-bail enhancement, for a term of three years four months; in case No. 12F4632, one year (one-third the midterm) for count 4, possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), doubled for the strike conviction, for a term of two years; and in case No. KA10317801, 16 months (one-third the midterm) for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), doubled for the strike conviction, for a term of one year four months. The abstract of judgment reflects the same sentence in all four cases. The minute order and abstract of judgment also reflect the imposition of restitution and parole revocation fines in the amount of $280 each, in all four cases.

Defendant filed a timely notice of appeal, but did not obtain a certificate of probable cause. (§ 1237.5.)

DISCUSSION

I.

*Unauthorized Sentence*

On appeal, defendant contends "[t]he sentence as agreed to by the parties, set out in the plea agreement, and ordered by the court, is incorrect as to Health and Safety Code sections 11378 and 11370.1." Specifically, defendant contends the trial court (1) erroneously imposed a consecutive term of two years for the on-bail enhancement in case No. 12F7716; and (2) applied the wrong sentencing triads in case Nos. 12F4632 and 12F7716.[5,6] The People respond that defendant may not challenge the stipulated sentence because he failed to obtain a certificate of probable cause. We agree with the People.

"Penal Code section 1237.5 provides that a defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere' unless the defendant has applied to the trial court for, and the trial court has executed and filed, 'a certificate of probable cause for such appeal.' [Citation.]" (*Shelton, supra,* 37 Cal.4th at p. 766; § 1237.5, subd. (b); see also *People v. Buttram* (2003) 30 Cal.4th 773, 790 [the purpose of section 1237.5 is "to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted"].) "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not

---

[5] The sentencing triad for a violation of Health and Safety Code section 11378 is 16 months, 2 years, or 3 years. (Health & Saf. Code, § 11378; Pen. Code, § 18.) The sentencing triad for a violation of Health and Safety Code section 11370.1, subdivision (a) is two, three, or four years. (Health & Saf. Code, § 11370.1, subd. (a).)

[6] Defendant does not contend the trial court breached the parties' plea agreement and does not contend the trial court's obviously incorrect oral pronouncement of judgment should control over the abstract of judgment.

challenge the validity of the plea." (*Cuevas, supra,* 44 Cal.4th at p. 379; see also Cal. Rules of Court, rule 8.304(b)(4)(B).)

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal:  'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.'  [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*).)

"Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement.  [Citations.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 678; see also *People v. Sem* (2014) 229 Cal.App.4th 1176, 1187 ["A challenge to any part of the sentence to which the defendant agreed in a plea bargain is regarded as a challenge to the validity of the plea"].) We conclude that defendant's challenge to his sentence constitutes a challenge to the validity of his plea, because the stipulated aggregate sentence of 18 years eight months was "part and parcel of the plea agreement he negotiated with the People." (*Panizzon, supra,* 13 Cal.4th at p. 78.)

" ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' (*Panizzon, supra,* 13 Cal.4th at p. 80; see *People v. Hester* (2000) 22 Cal.4th 290, 295 ['defendants who have received the benefit of their bargain shall not be allowed to trifle with the courts by attempting to better the bargain through the appellate process'].)" (*Cuevas, supra,* 44 Cal.4th at p. 383.)  In this case, defendant entered a guilty plea and admitted a prior strike allegation in case No. 13F6691 in exchange for certain benefits, including the

9

dismissal of other charges and enhancements in case No. 13F6691. In addition, the parties apparently agreed that defendant would receive new stipulated sentences in case Nos. 12F4632 and 12F7716 (two years and three years four months, respectively), effectively superseding their previous agreement that defendant would be sentenced to 11 years four months in those cases in the event that he failed to appear for sentencing, which he did. In negotiating the second plea agreement, defendant necessarily understood and agreed that an aggregate sentence of 18 years eight months represented a significant reduction in his overall exposure to prison.[7] " 'Defendant's attack on the legality of his maximum sentence is an effort to unilaterally improve, and thus alter, the terms of that which was agreed and thus should not be permitted without a certificate of probable cause.' " (*Ibid.*)

In his reply brief, defendant argues that no certificate of probable cause is required because his sentence is unauthorized, and therefore subject to judicial correction at any time. The Fourth District Court of Appeal recently considered the same argument in *People v. Zuniga* (2014) 225 Cal.App.4th 1178, at page 1186 (*Zuniga*).

In *Zuniga*, the defendant pleaded no contest to active participation in a criminal street gang in violation of section 186.22, subdivision (a), in return for a stipulated sentence of 16 months in state prison. (*Zuniga, supra,* 225 Cal.App.4th at p. 1180.) On appeal, the defendant argued that his conviction was void under *People v. Rodriguez* (2012) 55 Cal.4th 1125 because there was no evidence to show that he committed the

---

[7] Defendant suggests that the parties intended to append the original stipulated sentence of seven years four months in case Nos. 12F4632 and 12F7716 to the new 12-year sentence in case No. 13F6691, but incorrectly concluded that the sum of 12 years and seven years four months is 18 years eight months. Defendant's suggestion ignores the terms of the first plea agreement, which provided that the stipulated sentence of seven years four months in case Nos. 12F4632 and 12F7716 would increase to 11 years four months in the event that defendant failed to appear for sentencing, which he did. We also observe that any such mathematical error operated in defendant's favor.

10

underlying offense with another gang member. (*Zuniga,* at p. 1180.) There, as here, the People argued that defendant's claim was not cognizable on appeal because he did not obtain a certificate of probable cause. There, as here, the defendant countered that no certificate was required because he was raising a purely legal challenge to an allegedly unauthorized sentence. (*Id.* at p. 1182.) Because *Zuniga* addresses the same arguments and authorities raised here, we quote from the court's opinion at length:

"In *People v. Arwood* (1985) 165 Cal.App.3d 167 (*Arwood*), the defendant pleaded nolo contendere to a charge of forcible rape and admitted a prior felony conviction for assault with a deadly weapon involving personal use of the deadly weapon under section 667, which provided for a five-year enhancement for prior serious or violent felonies. (*Arwood, supra*, at p. 170.) On appeal, the defendant argued that his prior conviction was not a serious felony within the meaning of section 667 and should be stricken. (*Arwood, supra*, at p. 171.)

"The *Arwood* court agreed with the People that the challenge was not cognizable on appeal absent the execution and filing of a certificate of probable cause 'because the enhancement was imposed as a result of [the defendant's] admission of the prior serious felony conviction, and his admission occurred before entry of the nolo contendere plea.' (*Arwood, supra*, 165 Cal.App.3d at p. 171, italics omitted.) The defendant's plea constituted a challenge to the validity of his plea 'insofar as it encompassed admission of a prior serious felony within the meaning of section 667.' (*Id*. at p. 172.)

"Like *Arwood, People v. Breckenridge* (1992) 5 Cal.App.4th 1096 (*Breckenridge*), disapproved on another point in *In re Chavez* [(2003)] 30 Cal.4th [643,] at page 657, footnote 6, addressed a sentencing enhancement issue based on the defendant's admission of a prior felony conviction. (*Breckenridge, supra*, at p. 1098.) The defendant pleaded guilty to the charge of lewd conduct with a child, and admitted a prior serious felony conviction for a similar offense. The court imposed a five-year enhancement for the prior serious felony conviction. On appeal, the defendant sought reversal of the enhancement,

11

contending that his admission of the prior was invalid 'due to an inadequate advisement of rights.' (*Ibid*.) The defendant's appeal did not include a certificate of probable cause. The *Breckenridge* court held that because the challenge was based on a claim of 'inadequate advisement of rights,' it related back to and implicated the validity of his admission of the prior. (*Ibid*.) Accordingly, an appeal without a certificate of probable cause was precluded under section 1237.5, and the appeal was dismissed. (*Breckenridge, supra*, at p. 1098.)

"*People v. Jones* (1995) 33 Cal.App.4th 1087 (*Jones*) also followed *Arwood*. In *Jones*, the defendant pleaded no contest to, inter alia, one count of burglary and two counts of possession of stolen property. (*Jones, supra*, at p. 1088.) She appealed on the ground that she could not lawfully be convicted of both burglary and receiving the property stolen during the burglary. (*Id*. at p. 1089; § 496, subd. (a); *People v. Jaramillo* (1976) 16 Cal.3d 752, 757, superseded by statute on another ground as stated in *People v. Strong* (1994) 30 Cal.App.4th 366, 371-372.) The *Jones* court did not reach the merits of the defendant's claim that the conviction had to be reversed or vacated as unlawful and agreed with the People that a certificate of probable cause was required. (*Jones, supra*, at p. 1091.) The court explained, 'Claims regarding the illegality of the judgment, whether on jurisdictional or other grounds, are precisely the types of claims which are covered by Penal Code section 1237.5 and require a certificate of probable cause.' (*Id*. at p. 1092.)

"The *Jones* court acknowledged a contrary view expressed by the First District Court of Appeal in two cases. In *People v. Loera* (1984) 159 Cal.App.3d 992, 996 (*Loera*), the defendant pleaded guilty to receiving stolen property and admitted that the value of the property exceeded $25,000, which entailed a one-year sentence enhancement under former section 12022.6. The defendant then challenged on appeal the imposition of the enhancement, arguing that for several reasons, former section 12022.6, subdivision (a), could not be used to enhance a sentence based upon a conviction for receiving stolen property. (*Loera, supra*, at p. 997.) The *Loera* court held that the defendant was not

12

required to obtain a certificate of probable cause, concluding that the defendant was challenging the sentence as being unlawful and void and was therefore claiming 'a jurisdictional defect subject to correction whenever it comes to the attention of either a trial court or a reviewing court. [Citations.]' (*Id*. at p. 998.) In *People v. Corban* (2006) 138 Cal.App.4th 1111 (*Corban*), the court considered whether a probable cause certificate was required where the defendant, who admitted a great bodily injury allegation as part of her plea, argued on appeal that the imposition of the enhancement was unlawful because it was inapplicable to circumstances where child endangerment resulted in death. (*Corban, supra*, at pp. 1114-1117.) The *Corban* court acknowledged the results in *Arwood, Breckenridge*, and *Jones*, and the contrary position in *Loera*. (*Corban, supra*, at pp. 1115-1116.) *Corban* distinguished *Loera* as addressing purely legal arguments about the applicability of the enhancement that had 'nothing to do with the particular facts of the defendant's case.' (*Corban, supra*, at p. 1116.) The *Corban* court concluded that the issues in *Arwood* and *Breckenridge* were at least partially factual as they related to the plea, whereas *Corban*'s case and *Loera* involved purely legal arguments. (*Corban, supra*, at pp. 1116-1117.)

"For the reasons expressed in *Jones, supra*, 33 Cal.App.4th at page 1093, we conclude that *Loera* is inconsistent with *Arwood* and *Breckenridge*, and we choose to follow those cases and *Jones*. To the extent that *Corban* offers a distinction between *Loera,* we note that here defendant's challenge to the factual basis for the plea, even in light of the *Rodriguez* decision, is not purely a legal argument resolvable without reference to the particular facts presented.

"We believe that an analysis of the cases shows that *Corban*'s distinction does not hold up under scrutiny. *Arwood*, like *Loera* and *Corban*, involved issues of statutory interpretation. In *Loera*, moreover, the court relied upon the principle that an unauthorized-sentence claim is cognizable on appeal despite a lack of objection below. (*Loera, supra*, 159 Cal.App.3d at p. 998.) This principle, however, is an exception to the

rule that only claims raised by the parties below may be heard on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) This principle cannot be employed to sidestep the additional hurdle of section 1237.5, which is triggered by entry of a guilty or no contest plea. In *Corban* and *Loera* as well as in *Jones, Breckenridge*, and *Arwood,* the defendants' claims were all directed to elements of their pleas that the defendants had freely admitted. The claims thus challenged the validity of their pleas. We believe the better course is to follow *Arwood* and *Jones* and require compliance with section 1237.5 in cases that are, in substance, challenges to the validity of a guilty plea." (*Zuniga, supra,* 225 Cal.App.4th at pp. 1183-1186, fns. omitted.)

We agree with the *Zuniga* court's analysis and likewise conclude that defendant cannot rely on an unauthorized-sentence claim to "sidestep the additional hurdle of section 1237.5, which is triggered by entry of a guilty or no contest plea." (*Zuniga, supra,* 225 Cal.App.4th at p. 1186.) Furthermore, we observe that defendant's appeal raises a number of factual issues, making his reliance on *Corban* and *Loera* even more unpersuasive. For example, defendant contends that the stipulated aggregate sentence of 18 years eight months was the product of a mathematical error. Defendant also suggests that the prosecutor agreed to dismiss the on-bail enhancement in case No. 12F7716 despite the fact that defendant failed to appear for the original sentencing hearing, raising a factual question as to the terms of the parties' plea agreement. We therefore reject defendant's contention that "[t]he challenge here is not to the terms of the plea and [is] resolvable without reference to the particular facts presented." **8**

---

**8** Defendant also contends his trial counsel rendered ineffective assistance in failing to object during the sentencing hearing. Defendant's ineffective assistance claim also requires a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.340(b).) Because defendant did not obtain a certificate of probable cause, his appeal is also nonoperative as to his ineffective assistance claim. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.)

14

To summarize, we conclude that defendant's challenge to the stipulated aggregate sentence "imposed as part of the plea bargain . . . is challenging the validity of his plea itself," and therefore requires "a certificate of probable cause, which [he] failed to secure." (*Cuevas, supra,* 44 Cal.4th at p. 384.) Accordingly, we decline to consider defendant's attack on the legality of his sentence.

## II.

### *Restitution and Parole Revocation Fines*

Next, defendant contends the restitution and parole revocation fines in case Nos. 12F4632 and 12F7716 should be deleted from the abstract of judgment because the trial court did not orally impose them. The People concede the error, and we concur.[9]

We have reviewed the record and confirmed that the trial court did not impose the restitution and parole revocation fines in case Nos. 12F4632 and 12F7716 during the oral pronouncement of judgment. The oral pronouncement of judgment controls over the abstract of judgment. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) Although a restitution fine is mandatory, the court can refuse to impose it for "compelling and extraordinary reasons" that it states on the record. (§ 1202.4, subd. (c); *People v. Hanson* (2000) 23 Cal.4th 355, 362.) Here, while there were no "compelling and extraordinary reasons" stated on the record, the People forfeited any objection to the statement of reasons by failing to object in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.) Accordingly, we order the $280 restitution fines in case Nos. 12F4632 and 12F7716 deleted from the abstract of judgment.

We also order the $280 parole revocation fines in case Nos. 12F4632 and 12F7716 stricken. The trial court can impose a parole revocation fine only if it imposes a

---

[9] Defendant's challenge to the restitution and parole revocation fines in case Nos. 12F4632 and 12F7716 does not require a certificate of probable cause. (*People v. Kunitz* (2004) 122 Cal.App.4th 652, 657-658.)

15

restitution fine.  (§ 1202.45, subd. (a).)  Here, the trial court never orally pronounced restitution fines in case Nos. 12F4632 and 12F7716, so it could not legally impose parole revocation fines in those cases.  (*Ibid.*)

## DISPOSITION

The restitution and parole revocation fines in case Nos. 12F4632 and 12F7716 are modified as stated above.  As modified, the judgment is affirmed.  We direct the trial court to prepare an amended abstract of judgment that:  (1) deletes the $280 restitution fine in case No. 12F4632; (2) deletes the $280 parole revocation fine in case No. 12F4632; (3) deletes the $280 restitution fine in case No. 12F7716; and (4) deletes the $280 parole revocation fine in case No. 12F7716. The trial court is directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

    RENNER                , J.

We concur:

   BLEASE             , Acting P. J.

   MAURO              , J.